UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE PAMELA ROMERO and MARLITO ROMERO, | No. 2:21-cv-2236 TLN DB PS |
| Plaintiffs, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MONTEREY FINANCIAL SERVICES, LLC, | |
| Defendant. | |

    Plaintiffs Marie Pamela Romero and Marlito Romero are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On December 10, 2021, defendant noticed a motion to dismiss plaintiffs' complaint for hearing before the undersigned. (ECF No. 24.) Pursuant to Local Rule 230(c) plaintiffs were to file an opposition or a statement of non-opposition to defendant's motion "not less than fourteen (14) days preceding the noticed . . . hearing date." Plaintiffs, however, failed to file a timely opposition or statement of non-opposition.

    Accordingly, on January 11, 2022, the court issued an order to show cause, ordering plaintiffs to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution, as well as ordering plaintiffs to file a statement of opposition or

1

non-opposition to defendant's motion on or before February 4, 2021.  (ECF No. 6.)  Plaintiffs were warned that the failure to timely comply with that order could result in a recommendation that this case be dismissed.  (Id. at 2.)  Nonetheless, the time provided plaintiffs has expired and plaintiffs have not responded to the January 11, 2022 order.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiffs have failed to respond to the January 11, 2022 order and have failed to file a statement of opposition or non-opposition to defendant's motion to dismiss.  Plaintiffs were warned that the failure to file a written response to that order could result in a recommendation that this matter be dismissed.  In this regard, plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiffs' failure to prosecute the action in

any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiffs' failure to prosecute as well as plaintiffs' failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's December 10, 2021 motion to dismiss (ECF No. 3), re-noticed on December 10, 2021, (ECF NO. 5), is denied without prejudice to renewal as having been rendered moot; and

2. The February 18, 2022 hearing of defendant's motion is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' October 28, 2021 complaint (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/romero2236.dlop.f&rs

3